IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| REBECCA NEELEY, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:11-CV- |
| | ] | |
| COMCARE, INC., | ] | |
| | ] | |
| Defendant. | ] | |

COMPLAINT

Plaintiff Rebecca Neeley files her claims for age discrimination in employment and willful violation of the Family and Medical Leave Act (FMLA) against the defendant and avers:

1. The federal question jurisdiction provisions of 29 U.S.C. §1331 empower this Court to adjudicate the plaintiff's federal age discrimination claims. The plaintiff's age discrimination claims are premised upon the provisions of the Age Discrimination in Employment Act (ADEA) codified at 29 U.S.C. §623 and §626. The plaintiff's FMLA discrimination and retaliation claims are premised upon the provisions of The Family and Medical Leave Act (FMLA) codified at *29

U.S.C. §*2612,* §*2614,* §*2615,* and §*2617.*

2. Plaintiff Neeley is a white female forty-seven (47) years of age. She was born in 1963 and is a resident of Greene County, Tennessee. At the times pertinent to her claims of age discrimination, the plaintiff was employed by Comare Inc. as a Day Program Coordinator in Greeneville, Tennessee. She had worked in that position for four years before she was discriminatorily discharged.

3. Comare, Inc., is a non-profit corporation which provides and operates homes and day care for mentally challenged adults. Its offices are located at 100 Pennsylvania Ave., Greeneville, Tennessee, 37743. Ms. Nancy Thiessen has been the company's Executive Director since July 2008. The company employs 300 staff and operates facilities in Greeneville, Johnson City, and Erwin, Tennessee for hundreds of mentally challenged adults. The defendant's registered agent is listed as Ms. Nancy Thiessen, 100 Pennsylvania Ave., Greeneville, TN 37743.

4. The plaintiff began working for defendant Comcare in 1999. She was promoted to "supportive employment coordinator" of the Day Program in 2000. Plaintiff Neeley became a Day Program Coordinator in May 2005. As a Day Program Coordinator, the plaintiff supervised 35 staff employees and was responsible for the daily care activities of 65 clients. Plaintiff Neeley received excellent performance evaluations.

5. During December 2006, plaintiff Neeley had to take FMLA-protected medical leave for kidney surgery and missed six weeks of work. She had accrued enough paid time off days to cover her leave. The plaintiff returned to work without restrictions.

6. Director Theissen assigned Ms. Nancy Wallin, a younger woman in her late twenties, to be the plaintiff's assistant during the summer of 2008. Director Theissen instructed the plaintiff to train the younger Wallin how to perform the coordinator's job duties. The plaintiff had never requested an assistant and her job duties could be performed without an assistant. The company had never previously advised the plaintiff that she needed an assistant.

7. During September 2008 the plaintiff learned that case manager Anita Baird had been violating Comcare policy by "clocking-in" Wallin even though Wallin was not on the premises. Plaintiff Neeley cautioned Wallin and Baird that they were violating Comcare policy and told them to stop the absentee clock-ins. Baird and Wallin continued to violate the clock-in policy. Pursuant to company policy, plaintiff Neeley reported the continued clock-in violations to Director Theissen by e-mail.

8. Several weeks after she had reported the policy violation, Director Theissen discriminatorily and arbitrarily reprimanded the plaintiff and accused her of having distributed her "clock-in violation" e-mail report to other staff

3

members. The plaintiff had nothing to do with the distribution and disclosure of the e-mail she had sent to Director Theissen. Near the end of October, Director Theissen announced that Ms. Wallin was being promoted to the position of Day Program Coordinator. Theissen told the plaintiff that she no longer supervised Wallin and assigned the younger Wallin to perform the plaintiff's co-ordinator responsibilities. Director Theissen did not explain to the plaintiff why she had duplicated the plaintiff's job title and job duties and require that she work beside the younger woman who had been her assistant.

   9. Plaintiff Neeley learned in early December 2008 that she needed surgery. The plaintiff advised the defendant's Day Program Director Bob Cooper, Executive Director Nancy Thiessen, assistant director Lori Stokley, and other managers that she would have to take leave for necessary surgery after the Holidays. In order to help the staff operate the defendant's facility smoothly through the Holiday Season, the plaintiff scheduled her surgery for January 12, 2009.

   10. On December 26, 2009, the plaintiff placed her written request for medical leave on Director Cooper's desk. On December 29, Director Thiessen called the plaintiff to her office and discharged her. Thiessen told Ms. Neeley that the company was "letting her go" and said she did not need a reason. Theissen insisted that the plaintiff sign a severance agreement. Since the plaintiff had not

4
Case 2:11-cv-00177-JRG-DHI   Document 1   Filed 06/17/11   Page 4 of 8   PageID #: 4

been warned that her job was in jeopardy she was completely taken aback. Plaintiff Neeley told Thiessen she was too upset to read and sign anything.

11. The plaintiff avers that the defendant discriminated against her because of her age and illegally and willfully interfered with, and violated, her FMLA rights. The defendant abruptly and illegally discharged the plaintiff after she advised it's managers that she would have to take FMLA protected medical leave. The defendant continued to employ the younger Ms. Wallin, whom the company had insisted that the plaintiff train and thereby committed age discrimination. The defendant did not require the younger Wallin to train an "assistant" as it had the plaintiff. The defendant canceled the plaintiff's employee benefit health insurance coverage even though it had already deducted the monthly premium from the plaintiff's paycheck. The plaintiff had accrued six weeks of paid leave available to her at the time she was discriminatorily discharged.

12. The plaintiff paid for her COBRA insurance benefits and underwent successful surgery. She has sought comparable employment without success. The plaintiff asked that Comcare reinstate her. The defendant did not respond. The plaintiff has lost wages and employment benefits and will continue to accrue lost wages and benefits in the future. She suffered mental distress and worry after her discharge and has been humiliated and embarrassed by Comcare's employment discrimination. The plaintiff's earning capacity has been impaired

and her enjoyment of life has been diminished.

13. Plaintiff Neeley avers that the defendant's adverse employment actions were deliberate, intentional, malicious, in bad faith, willful, and in reckless disregard of her federally protected rights. The plaintiff avers that she is entitled to all money damages, lost benefits, and equitable relief afforded her by the ADEA and the FMLA and to an award of liquidated damages under either the ADEA or the FMLA for the defendant's willful violation of either, or both, of those federal statutes.

14. The defendant had established a pattern of employment bias in favor of the younger Nancy Wallin because of her age by paying her a higher wage than the plaintiff for performing the same or essentially similar work as the plaintiff was performing. During the autumn of 2008, the plaintiff complained to defendant's managing agent Bob Cooper about the wage disparity. Instead of correcting the discrimination, Cooper demanded to know how the plaintiff discovered the wage disparity and warned her that if she continued to "gossip," she would be disciplined. The defendant continued its pattern of age discrimination by discharging the plaintiff and retaining the younger Ms. Wallin, whom the plaintiff had trained, to perform the plaintiff's Day Program Coordinator's job duties.

15. The plaintiff is now informed through recently received EEOC

investigation materials that the defendant is claiming that it discharged her for allegedly making uncomplimentary remarks about a co-worker. The plaintiff denies the defendant's accusation and avers that the accusation is pretextual. The defendant's managing agents never told the plaintiff that she was being accused of making any uncomplimentary remarks and did not give the plaintiff any opportunity to defendant herself or address any specific accusations. The defendant has manufactured the accusations and its alleged "investigation" in an effort to cover up its pattern of age discrimination and its intention to violate the plaintiff's protected FMLA rights.

15. The plaintiff has filed age discrimination charges against the defendant with the EEOC, has received her right-to-sue letter, and has exhausted her administrative remedies.

WHEREFORE THE PLAINTIFF DEMANDS:

1. Judgment against the defendant for all money and benefits due her for the defendant's violations of the ADEA.

2. An award of liquidated damages under the ADEA for the defendant's willful violations of the ADEA.

3. Judgment against the defendant for all money and benefits due her for the defendant's violations of the FMLA.

4. Judgment against the defendants for liquidated damages under the FMLA for the defendant's willful violations of the FMLA.

5. A jury to try the plaintiff's claims.

6. An award of lost wages and benefits.

7. An award of front pay under either or both the ADEA and the FMLA.

8. Reinstatement to her Day Program Coordinator's position.

9. An award of attorney's fees as the prevailing party.

10. Such other relief as will make the plaintiff whole.

s/ C. R. DeVault, Jr.
CHARLTON R. DEVAULT, JR.
TN BPR #000428
102 Broad Street
Kingsport, Tennessee
(423) 246-3601

ATTORNEY FOR THE PLAINTIFF